<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **YURI RABINOVICH,** : | |
| : | |
| Plaintiff, : | |
| : | Civil Action 11-03074 (ES) |
| v. : | |
| : | <u>OPINION</u> |
| **HENRY S. ANNUNZIATA** : | |
| : | |
| Defendant. : | |
| : | |

<u>**SALAS, District Judge**</u>

**I.   Introduction**

Pending before the Court is Plaintiff Yuri Rabinovich's ("Plaintiff" or "Rabinovich") Motion for Partial Summary Judgment as to Defendant's liability.[1] (Pl. Mot. for Summ. J., D.E. No. 19-22). Defendant Henry S. Annunziata ("Defendant" or "Annunziata") opposes the motion.[2] (Def. Br. in Opp'n to Mot. For Summ. J. ("Def. Opp. Br."), D.E. No. 23). This Court

---

[1] L. Civ. R. 7.1(e) requires that a moving party submit a proposed order describing the relief sought in the motion. In the instant case, Plaintiff has failed to attach a proposed order. In the interest of efficiency, the Court has considered Plaintiff's motion despite his failure to satisfy the requirements prescribed by L. Civ. R. 7.1(e).

[2] Pursuant to L. Civ. R. 56.1(a):

> The opponent of summary judgment shall furnish, with its opposition papers, *a responsive statement of material facts, addressing each paragraph of the movant's statement, indicating agreement or disagreement and, if not agreed, stating each material fact in dispute and citing to the affidavits and other documents submitted in connection with the motion.*

1

has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.  (Pl.'s Compl., D.E. No. 1, ¶ 3). The Court has considered the parties' submissions in support of and in opposition to the instant motion, and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b).  For the reasons set forth below, Plaintiff's Motion for Partial Summary Judgment is DENIED.

## II.  Background

### A.  Undisputed Facts[3]

This action arises from injuries Plaintiff Rabinovich claims he sustained when Defendant Annunziata's vehicle struck him.  The collision occurred on September 4, 2009, at approximately 5:30 p.m.  (Pl. Statement of Material Facts Not in Dispute ("Pl. SOF") ¶ 1, D.E. No. 20).  The accident occurred at the intersection of Fycke Lane and Teaneck Road in Teaneck, New Jersey. (*Id.* ¶ 2).  Both Teaneck Road and Fycke Lane have crosswalks.  (Decl. of Daniel Shimko ("Shimko Decl."), Ex. B, Dep. Tr. of Annunziata ("Annunziata Dep.") 16:9-19, Dec. 6, 2011, D.E. No. 22-1). When Plaintiff reached the intersection of Teaneck Avenue and Fycke Lane, he

---

(emphasis added).  Further, "[e]ach statement of materials fact *shall be a separate document (not part of a brief)* and shall not contain a legal argument or conclusion of law."  L. Civ. R. 56.1(a) (emphasis added).  Here, Defendant did not file a separate Statement of Material Facts Not in Dispute with separately-numbered paragraphs as mandated by Local Rule 56.1(a).  The local rules require that a non-moving party provide a "statement identifying material facts so that the Court can determine if a genuine dispute exits."  *See Glazewski v. Corzine*, No. 06-4107, 2009 WL 5220168, at *1 (D.N.J. Dec. 31, 2009). This Court admonishes Defendant but will excuse his non-compliance with the local rules and will consider his papers.  L. Civ. R. 56.1(a); *see also Small v. Whittick*, No. 06-1363, 2010 WL 3881303, at *1 n.1 (D.N.J. Sept. 27, 2010).

[3] Defendant filed a five-paragraph Counter-Statement of Facts, alleging material facts that he considers in dispute.  (*See* Def. Opp. Br.).  Defendant has not filed a separate document from its brief containing Statements of Material Facts Not in Dispute.  L. Civ. R. 56.1(a) requires that "*any material fact not disputed shall be deemed undisputed* for purposes of the summary judgment motion."  (Emphasis added).  Therefore, as a result of Defendant's failure to respond to Plaintiff's statements, this Court will deem any uncontested fact as admitted.  *See Booker v. Twp. Of Willingboro*, No. 10-4886, 2012 WL 2397929, at *1 n.1 (D.N.J. June 22, 2012).

pressed the pedestrian cross button to cross Fycke Lane. (Pl. SOF ¶¶ 18, 20; Shimko Decl., Ex. A, Dep. Tr. of Rabinovich ("Rabinovich Dep.") 17:21-25, Dec. 6, 2011, D.E. No. 22-2). After Plaintiff pushed the cross button, he waited for the walk signal to light up. (Rabinovich Dep. 18:12-16). When Defendant approached the intersection of Fycke Lane and Teaneck Road, he intended to make a left turn onto Teaneck Road. (Pl. SOF ¶ 8, Annunziata Dep. 17:23-25, 18:1). Defendant had a red light and brought his car to a complete stop. (Pl. SOF ¶ 29; Annunziata Dep. 22:6-13).

### B. Disputed Facts

#### i. Plaintiff Rabinovich

Plaintiff alleges that, after he waited for the walk sign to light up, he rode across the intersection of Teaneck Road and Fycke Lane on his bicycle. (Pl. SOF ¶¶ 21, 31-32). According to Plaintiff, there was no one in the crosswalk at this time. (Rabinovich Dep. 19:6-9). After the traffic light changed, Defendant began to turn left onto Teaneck Road. (Pl. SOF ¶¶ 33-35). Plaintiff claims that as he started to ride his bicycle across Teaneck Road, he suddenly looked to his left and noticed Defendant's vehicle. (Rabinovich Dep. 21:4-7). Plaintiff alleges that he was within the crosswalk. (Rabinovich Dep. 22:6-12). Plaintiff states that a fraction of a second later, a collision occurred between Defendant's vehicle and Plaintiff. (Rabinovich Dep. 23:17-19). Plaintiff further contends that, although Defendant saw him crossing the intersection, he did not stop. (Pl. SOF ¶ 36). Plaintiff claims that before he could finish crossing the intersection, Defendant hit him in the crosswalk. (Pl. SOF ¶¶ 22-23, 37). Finally, Plaintiff asserts that he did not have enough time to avoid the collision. (Pl. SOF ¶ 38).

### ii. Defendant Annunziata

Defendant claims that after the red light changed, he saw Plaintiff on his bicycle crossing Teaneck Road. (Annunziata Dep. 28:18-21, 29:1-5). Defendant alleges that his vehicle was coming from a "dead stop" and started "creeping" or travelling less than five miles per hour. (Def. Opp. Br. ¶ 2; Annunziata Dep. 26:17-20). Defendant contends that he was in the middle of his turn when he saw Plaintiff riding across the intersection. (Def. Opp. Br. ¶ 3-4; Annunziata Dep. 10:2-6). Defendant further alleges that, he allowed Plaintiff to continue crossing the street but, at the same time, was slowly completing his turn. (Annunziata Dep. 30:2-9). Defendant further claims that he proceeded to complete his turn believing that Plaintiff had passed his vehicle. (Def. Opp. Br. ¶ 3; Annunziata Dep. 30:14-16). A few seconds later, a collision occurred between Defendant's vehicle and Plaintiff. (Annunziata Dep. 30:14-22). Defendant alleges that he is not sure whether Plaintiff was in the crosswalk at the time of the accident. (Def. Opp. Br. ¶ 1; Annunziata Dep. 26:11-13). Defendant claims that as he was completing his turn, Plaintiff must have stopped as he was crossing the intersection. (Def. Opp. Br. ¶ 5).

## III. Legal Standard

A court may enter summary judgment "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Azur v. Chase Bank, USA, Nat'l Ass'n*, 601 F.3d 212, 216 (3d Cir. 2010). A genuine issue of material fact exists for trial when in viewing the record and all reasonable inferences drawn from it in the light most favorable to the non-moving party a reasonable finder of fact could return a verdict for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). "To be material, a fact must have the potential to alter the

outcome of the case." *DeShields v. Int'l Resort Props.*, 463 F. App'x 117, 119 (3d Cir. 2012) (internal citation omitted).

The party moving for summary judgment bears the burden of establishing that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party meets this burden, the non-moving party must set forth specific facts that demonstrate the existence of a genuine issue for trial. Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 324; *Azur*, 601 F.3d at 216. In so presenting, the non-moving party must offer specific facts that establish a genuine issue of material fact, not just "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Thus, the non-moving party may not rest upon the mere allegations or denials in its pleadings. *See Celotex*, 477 U.S. at 324. In reviewing a motion for summary judgment, the Court must view all facts and their reasonable inferences in the light most favorable to the non-moving party. *See Pa. Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir.1995).

Rule 56(c) requires the entry of summary judgment against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and in which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. A scintilla of evidence in support of the non-movant's position is insufficient to oppose a summary judgment motion successfully; instead, "there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson*, 477 U.S. at 252. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment . . . ." *Id.* at 255.

5

**IV.     Discussion**

Since this diversity action involves state law, the Court must first determine which substantive state law to apply. New Jersey's choice of law rules provide that the "applicable law is that of the place with the most significant relationship to the parties and transaction." *Nunez v. Schneider Nat'l Carriers*, 217 F. Supp. 2d 562, 565 (D.N.J. 2002) (citing *Erny v. Estate of Merola*, 171 N.J. 86, 95 (2002)). The parties do not dispute that New Jersey law controls. Defendant lives in New Jersey and this lawsuit arose out of an accident that occurred in Teaneck, New Jersey. (Pl.'s Compl. ¶¶ 3, 6). The Court, therefore, turns to New Jersey law to determine whether a permissive inference of negligence can be drawn in a collision between a vehicle and a pedestrian, where there is a dispute over whether the pedestrian was in the crosswalk.

N.J.S.A. 39:4-36 provides:

> a. *The driver of a vehicle shall yield the right-of-way to a pedestrian crossing the roadway within any unmarked crosswalk at an intersection*, except at crosswalks when the movement of traffic is being regulated by police officers or traffic control signals, or where otherwise regulated by municipal, county, or State regulation, and except where a pedestrian tunnel or overhead pedestrian crossing has been provided:
>
> (1) The driver of a vehicle shall stop and remain stopped to allow a pedestrian to cross the roadway within a marked crosswalk, when the pedestrian is upon, or within one lane of, the half of the roadway, upon which the vehicle is traveling or onto which it is turning. As used in this paragraph, "half of the roadway" means all traffic lanes conveying traffic in one direction of travel, and includes the entire width of a one-way roadway.
>
> (2) No pedestrian shall leave a curb or other place of safety and walk or run into the path of a vehicle which is so close that it is impossible for the driver to yield or stop.
>
> \* \* \* \*

> (4) Every pedestrian upon a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right-of-way to all vehicles upon the roadway.
>
> (5) Nothing contained herein shall relieve a driver from the duty to exercise due care for the safety of any pedestrian upon a roadway. Nothing contained herein shall relieve a pedestrian from using due care for his safety.
>
> \* \* \* \*
>
> d. *In the event of a collision between a vehicle and a pedestrian within a marked crosswalk, or at an unmarked crosswalk at an intersection, there shall be a permissive inference that the driver did not exercise due care for the safety of the pedestrian*.

N.J.S.A. 39:4-36 (emphasis added). Thus, a permissive inference of negligence is attributed to the driver if the pedestrian was within the crosswalk at the time of the collision. N.J.S.A. 39:4-36(d).

Plaintiff argues that Defendant "clearly" saw him enter the crosswalk as Defendant was making his left turn onto Teaneck Road. (Mem. of Law in Support of Pl.'s Mot. for Summ. J. ("Pl. Mov. Br.") 7, D.E. No. 21). Plaintiff alleges that as he entered the roadway, Defendant kept Plaintiff under his constant observation. (*Id.* 6). Instead of stopping and waiting for Plaintiff to cross the street, as required by the statute, Plaintiff argues that Defendant proceeded to complete his turn. (*Id.* 7-8). Therefore, Plaintiff contends that Defendant cannot offer any evidence to rebut the inference of negligence imposed on Defendant. (*Id.* 8).

On the other hand, Defendant offers testimony that is contradictory to Plaintiff's version of events. (Def. Opp. Br. 2). Defendant calls into question Plaintiff's perception of the area in which the incident occurred and Plaintiff's ability to recall how the events transpired. (*Id.*). Furthermore, Defendant raises a question of fact as to whether or not Plaintiff was in the crosswalk at the time of the accident. (*Id.*). Defendant, also, believes that there is a question of

fact as to whether Plaintiff stopped in the roadway as Defendant was completing his left turn. (*Id.*). Thus, Defendant asserts that when questions of fact exist, as triers of fact, the jury should make credibility determinations and examine the testimony of any witnesses. (*Id.*).

Here, under N.J.S.A. 39:4-36(d), a permissive inference of negligence cannot be drawn. The statute allows a permissive inference of negligence to be drawn only if Plaintiff was within a marked or unmarked crosswalk. *See* N.J.S.A. 39:4-36(d). Both parties offer differing accounts as to where Plaintiff was located when the accident occurred. Plaintiff claims he was in the crosswalk when the collision occurred. (Rabinovich Dep. 22:6-12). Defendant disputes this fact, claiming that he is not sure if at the time of the accident, Plaintiff was within the crosswalk. (Annunziata Dep. 26:11-13). Thus, there are questions of fact as to Plaintiff's location at the time of the accident. These facts require "credibility determinations, the weighing of [] evidence, and [] drawing of legitimate inferences," which are within the exclusive province of the jury as triers of fact. *Anderson*, 477 U.S. at 255. This Court, therefore, cannot draw an inference of negligence as to Defendant's liability.[4] Thus, Plaintiff has not met his burden of demonstrating that no genuine issue of material fact exists as to his claim and is, therefore, not entitled to judgment as a matter of law. Consequently, Plaintiff's motion for partial summary judgment is DENIED.

---

[4] This Court observes that Plaintiff relied on the statute's permissive inference of negligence in support of his motion for partial summary judgment, which as the Court explained cannot be drawn on these facts. Had Plaintiff made an argument for common law negligence, Plaintiff may have been able to show that Defendant had a duty to exercise reasonable care, breach that duty of care, and, as a result, Plaintiff suffered damages that were proximately caused by Defendant's negligent conduct. *See Cintron v. U.S.*, No. 10-00961, 2011 WL 5920947, at *2 (D.N.J. Nov. 28, 2011). Hence, even if Plaintiff was only near the crosswalk, Plaintiff may have been able to demonstrate that Defendant breached his duty of care and Defendant may have been able to show that Plaintiff was comparatively negligent. *See id.* Nevertheless, Plaintiff relied solely on the statute, and thus, this issue is not before the Court.

## V. Conclusion

For the foregoing reasons, Plaintiff's motion for partial summary judgment is DENIED. An appropriate order shall accompany this opinion.

<u>s/Esther Salas</u>
**Esther Salas, U.S.D.J.**